IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEN C. W., | ) |
| | ) |
| Plaintiff, | ) Case No. 18-CV-0333-JED-JFJ |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. # 29), and defendant's response (Dkt. # 30).

**I.   Background**

Plaintiff filed his complaint (Dkt. # 2) in this case on June 28, 2018, alleging that he was wrongly denied Social Security benefits. On August 23, 2019, the Court entered an order reversing the Commissioner's decision and remanded plaintiff's case for further proceedings. Dkt. # 18. On June 24, 2020, the Court entered an order granting plaintiff's motion for award of attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $7,794.30. Dkt. # 28. This entire award was then seized by the United States Department of Treasury, Bureau of Fiscal Service for a delinquent debt owed by plaintiff. Dkt. # 29-3.

Upon remand to the Commissioner, plaintiff received a fully favorable decision before an administrative law judge on May 13, 2020. Dkt. # 29-1. Because he had not received an award letter from the Social Security Administration (SSA) setting out the amount of past due benefits,

---

[1] On July 11, 2021, President Biden named Kilolo Kijakazi as acting commissioner of the Social Security Administration, replacing Andrew Saul.

plaintiff filed a motion asking for an extension of time to file a request for attorney fees under 42 U.S.C. § 406(b). Dkt. # 25. The Court granted plaintiff's motion by minute order on June 10, 2020. Dkt. # 26. Plaintiff received his award letter for Supplementary Security Income (SSI) benefits on June 22, 2020, which totaled $24,600.69. On September 21, 2020, plaintiff's counsel, pursuant to 42 U.S.C. § 406(a), received $6,000 from plaintiff's past-due benefits for services rendered before the agency. While plaintiff had received his SSI benefits, he had not received an award letter for his Disability Insurance Benefits (DIB), which plaintiff's attorney needed to file his request for fees pursuant to § 406(b).

On January 25, 2021, plaintiff's counsel received a letter from the SSA, which stated that the Commissioner was withholding $2,015.25 of plaintiff's past-due benefits for § 406(b) court fees. Plaintiff's counsel interpreted this letter to mean that "SSA through DIB had calculated past due benefits in the amount of $32,061.00, because 25% of that amount would be $8,015.25 that SSA had held out for attorney fees (406(a) and 406(b), combined)." Dkt. # 29, at 2. Thus, plaintiff's counsel asks this Court to award him $2,015.25 in fees for services rendered before this Court.

## II.  Discussion

"Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 932 (10th Cir. 2008) (citing 42 U.S.C. § 406). "Section 406 'deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Id. (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). Section 406(a) permits attorneys to enter into contingent-fee agreements with Social Security claimants, and "[a]s long as the fee does not exceed the lesser of 25% of past due benefits

or $4,000,[2] and the claimant is successful, the Commissioner will approve the agreement at the time of the favorable determination." Id. at 933 (citing § 406(a)(2)(A)).

Section 406(b) fees for court representation, on the other hand, "often arise when the claimant appeals from an adverse decision by the agency." Id. (citing § 406(b)). "Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment." Id. (citing § 406(b)(1)(A)).

Finally, "[a]part from fees which may be awarded to an attorney for court representation, a claimant may seek to defray the cost of appealing from an agency decision to a court under the [EAJA] fee shifting statute." Id. at 934 (citing 28 U.S.C. § 2412). "EAJA fees are assessed against the United States when its actions were not 'substantially justified.'" Id. (quoting 28 U.S.C. § 2412(d)(1)(A)). "In the Social Security context, EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A)." Id. (citing Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001)). "In that vein, an EAJA award is to the claimant, while counsel receives an SSA award." McGraw v. Barnhart, 450 F.3d 493, 497 (10th Cir. 2006). "In many cases EAJA fees 'effectively increase [] the portion of past-due benefits the successful Social Security claimant may pocket.'" Id. (alteration in original) (quoting Gisbrecht, 535 U.S. at 796).

> Fee awards may be made under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186. "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant

---

[2] Section 406 sets the maximum reimbursement for attorneys at $4,000, but it also states that the Commissioner "may from time to time increase the dollar amount." § 406(a)(2)(A). Pursuant to that provision, the Commissioner increased the maximum reimbursement to $6,000 in 2009. See Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009).

actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Brief for United States 3. Gisbrecht, 535 U.S. at 796.

Turning to this case, plaintiff was awarded attorney fees under 28 U.S.C. § 2412 in the amount of $7,794.30 earlier in this action. Dkt. # 28. "Pursuant to the Commissioner's usual practice," the magistrate judge directed the Commissioner to make the check "payable to Plaintiff and mailed to counsel's address." Dkt. # 25, at 3 (citing Manning v. Astrue, 510 F.3d 1246, 1254-55 (10th Cir. 2007)). However, plaintiff's counsel never received those fees because the Department of Treasury applied all of the payment to a delinquent debt owed by plaintiff. Dkt. # 29-3.

As for his current motion, plaintiff's attorney seeks attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $2,015.25 for work performed before this Court. The Court must determine whether this request is reasonable. § 406(b)(1)(A). The Court finds that this request is in fact reasonable. Plaintiff was awarded SSI benefits totaling $24,600.69 on June 22, 2020. Dkt. # 29. Twenty-five percent of that figure was slightly higher than the $6,000 cap prescribed by § 406(a), so plaintiff's attorney was awarded $6,000 for his services before the agency.

Plaintiff's attorney was then notified that the SSA was withholding an additional $2,015.25 "for a fee for [Plaintiff's attorney's] services before the court." Dkt. # 29-4. This letter indicates that "SSA through DIB had calculated past due benefits in the amount of $32,061.00, because 25% of that amount would be the $8,015.25 that SSA had held out for attorney fees (406(a) and 406(b), combined)." Dkt. # 29, at 2. Thus, plaintiff's attorney will not receive more than 25% of plaintiff's past-due benefits for his combined work in front of the agency and the Court.[3]

---

[3] The Court notes that the "the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner." Wrenn, 525 F.3d at 937; see also Culbertson v. Berryhill, 139 S. Ct. 517 (2019). Thus, plaintiff's attorney would be well

Further, plaintiff and his attorney entered into a contingency-fee agreement, wherein plaintiff "agree[d] that a reasonable fee for the court work will be 25% of past-due benefits." Dkt. # 29-2. Thus, plaintiff knew from the beginning that his attorney would likely receive 25% of his past-due benefits for services rendered, and plaintiff agreed that such a fee was reasonable. Moreover, plaintiff's attorney worked a total of 38.45 hours on plaintiff's case in front of this Court and is requesting only $2,015.25 for that work, which comes out to $52.41 per hour. That is an incredible discount for plaintiff and obviously a reasonable fee under § 406(b).

Finally, the Court will address two arguments proffered by the Commissioner in her response brief (Dkt. # 30). First, the Commissioner argues that plaintiff's counsel appears to be requesting all $8,015.25 for court-related work when $6,000 of that total was already paid to plaintiff's attorney at the agency level. *See* Dkt. # 30, at 1-2). But the Commissioner is mistaken. Plaintiff asks this Court to award him only $2,015.25 in fees for his work performed in front of the Court. See Dkt. # 29, at 6 ("Accordingly, John L. Harlan asks this Court to award a § 406(b) fee in the amount of $2,015.25 . . . .")). Second, the Commissioner argues that "should Plaintiff be awarded court fees pursuant to the Act, Plaintiff's attorney should be required to refund the lesser of that award and Plaintiff's award pursuant to the EAJA for such services, previously granted in this case, to Plaintiff." Dkt. # 30, at 2 (citing Gisbrecht, 535 U.S. at 796).

While it is true that attorneys normally must refund the lesser award to their client if they receive fees pursuant to EAJA and § 406(b), this case presents a unique situation. As noted above, plaintiff's attorney never received the fees awarded pursuant to EAJA because the Department of Treasury applied the entire $7,794.30 award to a delinquent debt owed by plaintiff. Thus, the only

---

within his rights to request much more in fees for his work before the Court than he has here, which further shows the reasonableness of his request.

5

amount plaintiff's attorney will receive for his court-related work is the $2,015.25 he is requesting from this Court pursuant to § 406(b). The rule announced in Gisbrecht—that an attorney who receives a fee award under both the EAJA and § 406(b) must refund the lesser amount to his client—applies only if the attorney actually <u>receives</u> fees under both provisions. <u>See</u> Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186 ("Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney *receives* fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee." (emphasis added)). Thus, <u>Gisbrecht's</u> refund rule is inapplicable here.

    **IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. # 29) is **granted**. Plaintiff's attorney, John L. Harlan, is hereby awarded 42 U.S.C. § 406(b) fees in the amount of $2,015.42.

    **IT IS FURTHER ORDERED** that the Commissioner is instructed to disburse to counsel $2,015.42 from plaintiff's past-due benefits.

    **DATED** this 26th day of July, 2021.

                                                   CLAIRE V. EAGAN
                                                   UNITED STATES DISTRICT JUDGE